IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TISHOMINGO RAILROAD COMPANY, INC.,
R. BRUCE CRAWFORD, Individually, and
MISSISSIPPI CENTRAL RAILROAD COMPANY                              PLAINTIFFS

V.                                                 CIVIL ACTION NO. 1:06CV343-B-D

BELLSOUTH TELECOMMUNICATIONS, INC.                                  DEFENDANT

## ORDER

Presently before the court is the defendant BellSouth's[1] motion for attorney fees based on the September 22, 2010 Clerk's Judgment in BellSouth's favor. BellSouth moves pursuant to Federal Rule of Civil Procedure 54(d)(2)(C) for a preliminary determination as to the plaintiffs' liability for attorney fees and requests additional time after a ruling on the present motion to submit fee records in the event the court rules in BellSouth's favor. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court finds that the defendant's motion is not well taken and shall be denied.

After an August 2010 bench trial in this case, this court found that BellSouth was not a trespasser and was entitled to place and maintain, without compensation to the plaintiffs, its fiberoptic cables along the plaintiffs' railroad right-of-way at the site of an abandoned nuclear power plant project on the Tennessee River at "Yellow Creek" in Tishomingo County, Mississippi. The court found in favor of BellSouth on a number of its declaratory action counterclaims – any one of which was dispositive of this case. For instance, the court found, inter alia, that contrary to their assertion, the plaintiffs, Tishomingo Railroad Company (TRC)[2]

---

[1] BellSouth Telecommunications, Inc., now doing business as AT&T Mississippi.

[2] TRC's successor, Mississippi Central Railroad Company (MCRC), was later joined in this action on defendant's motion as a necessary plaintiff pursuant to Fed. R. Civ. P. 19(a).

and Bruce Crawford, and the Mississippi Department of Economic and Community Development never entered into a formal lease agreement providing the plaintiffs with a lease of the railroad access line and the railroad right-of-way. The court found that no interest in real property owned by the State was conveyed to the plaintiffs – not a leasehold interest, fee simple interest, or otherwise. Instead, these parties acted under an "operating agreement." The court further found that BellSouth has a valid easement along the railroad right-of-way granted by NASA prior to the plaintiffs' entering the property. The court found immaterial the fact that the fiberoptic cables were laid outside the NASA easement except for approximately 200 feet of the ten miles of railroad because of the plaintiffs' actual or constructive knowledge of BellSouth's installation of the cables, the plaintiffs' joint venture partnership's involvement in the installation, and the plaintiffs' acquiescence in the installation. The court also found that BellSouth had an easement by necessity and that it had authority pursuant to Mississippi Laws of 1886, Chapter 38, as interpreted by *Southern Bell Tel. & Tel. Co. v. City of Meridian*, 131 So. 2d 666 (Miss. 1961), to locate its fiberoptic lines on this public land along this public right-of-way.

BellSouth now requests attorney fees in the amount of $595,536.53, allegedly incurred from December 5, 2006, to August 31, 2010, reserving the right to supplement this request with additional attorney fees as they are incurred. In a diversity case, "where Mississippi law supplies the rule of decision, 'state law controls both the award of and the reasonableness of fees awarded.'" *Wal-Mart Stores, Inc. v Qore, Inc.*, 647 F.3d 237, 242 (5th Cir. 2011) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). Citing Miss. Code Ann. § 11-53-81, Mississippi's "open account" statute, BellSouth asserts that it is entitled to attorney fees "as the

prevailing party on Plaintiffs' open account lawsuit against it." Section 11-53-81 states, in pertinent part:

> When any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff....If [the] person sued on the open account shall prevail in the suit, he shall be entitled to reasonable attorney's fees to be set by the judge.

The statute, "in allowing attorney's fees as to open account suits, is obviously in derogation of common law which did not allow such fees, and therefore must be strictly construed." *Magnolia Farm Svcs., Inc. v Tunica Oil Co., Inc.*, 438 So. 2d 285, 288 (Miss. 1983). In *Magnolia Farm Services*, the Mississippi Supreme Court reversed an award of attorney fees to a creditor in an open account suit because the account had been paid in full before trial, and no judgment was ever rendered on the once-delinquent account. *Id.* The court's ruling turned on the fact that no judgment was rendered on the issue. *Id.*

In the present case, the defendant asserts that it was the prevailing party on the plaintiffs' open account claim. The court finds that while BellSouth was indeed the prevailing party in this case, it did not prevail through its defense of the plaintiffs' open account claim but rather through prosecution of its own declaratory judgment counterclaims. No judgment was "rendered" on the open account claim because the court never considered the open account claim.

"[T]he district court is in the best position to interpret its own orders." *Alley v. U.S. Dept. of Health and Human Svcs.*, 590 F.3d 1195, 1202 (11th Cir. Ala. 2009); *see also Williams v. City of Dothan, Ala.*, 818 F.2d 755, 760 (11th Cir. Ala. 1987) ("[G]reat deference is due the

3

intepretation placed on the terms of an . . . order by the court who issued and must enforce it."). The court's September 21, 2010 Memorandum Opinion issued subsequent to the bench trial in this case mentions the open account claim only once – in a footnote. There the court expressly declined to rule on BellSouth's statute of limitations argument in regard to the open account claim because the court had already ruled in favor of BellSouth on the merits of its declaratory judgment action. The court's order states that the court finds in favor of the defendant on all claims of all plaintiffs, but the court considered – and was there referring to – only the claims necessary for disposition of the case. The court's ruling on the merits of BellSouth's counterclaims as to why it was entitled to run its fiberoptic lines on the plaintiffs' property rendered the plaintiffs' open account claim moot.

Further, the court finds that this action was never a classic open account case as contemplated by Mississippi's open account statute in the first instance. As the plaintiffs argue, unlike the traditional successful open account defendant entitled to attorney fees, BellSouth chose to be in this court, filed counterclaims for declaratory relief, and received a favorable ruling on those counterclaims. While the plaintiffs made claims against BellSouth based on an alleged open account *theory*, there was no actual open account and no liquidated amount due the plaintiffs. No meeting of the minds occurred in regard to an open account. BellSouth always maintained that it owed no money whatsoever to the plaintiffs. The court ultimately ruled that BellSouth was correct and did not owe the plaintiffs, but the court based its ruling on various grounds unrelated to any alleged open account. For the sake of argument, if it can be said that BellSouth was successful on any matter related to the open account claim, it was in defending against the plaintiffs' *theory* (that is, convincing the court that this action is *not* an open account

4

case) – rather than defending against an open account claim itself; but even this conclusion would require a significant analytical leap considering that the court simply did not evaluate or address the open account claim *or* theory.

To the extent this matter is unclear in the court's September 21, 2010 Memorandum Opinion and Order, the court hereby *sua sponte* clarifies said opinion and order as follows: the court did not address and did not rule upon an open account claim. The defendant was successful on its declaratory judgment counterclaims.

This clarification would hardly seem necessary, however, considering that BellSouth acknowledged that this action was not an open account case in the Amended Pretrial Order, stating, "There was no meeting of the minds and therefore no contract entered into. Plaintiffs TRC and Crawford have not satisfied the prerequisites to bringing an action on an open account, nor have they pled open account in the Complaint. This applies to MCRC too." The court declines to allow BellSouth to reap the benefits of the attorney fees clause in Mississippi's open account statute when it has denied the applicability of that statute throughout this litigation.

Furthermore, as the Mississippi Supreme Court has stated, "The purpose of litigation is to resolve participants' disputes, not compensate participating attorneys. Our courts are sufficiently burdened without combat kept alive solely for attorney fees." *Hughes Equipment Co. v. Fife*, 482 So. 2d 1144, 1146 (Miss. 1986).

BellSouth has directed the court to no other grounds or statute entitling it to an award of attorney fees, and the court is aware of none. The defendant's motion for attorney fees will therefore be denied.

For the foregoing reasons, the court finds that the defendant's motion for attorney fees is not well taken, and that it should be and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 21st day of September, 2011.

    */s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**