IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TISHOMINGO RAILROAD COMPANY, INC.,
R. BRUCE CRAWFORD, Individually, and
MISSISSIPPI CENTRAL RAILROAD COMPANY                          PLAINTIFFS

V.                                           CIVIL ACTION NO. 1:06CV343-B-D

BELLSOUTH TELECOMMUNICATIONS, INC.                            DEFENDANT

## ORDER

Presently before the court is plaintiffs Tishomingo Railroad Company (TRC) and Bruce Crawford's motion for payment of costs and expenses relating to survey. Upon due consideration, the court finds that the motion is not well taken and shall be denied.

During pretrial discovery in this action, TRC and Crawford asked defendant BellSouth[1] to admit that its fiberoptic cable was not within the boundaries of an easement granted to BellSouth by NASA along the plaintiffs' railroad right-of-way. BellSouth refused, and the plaintiffs allege they were required to undertake the costs of a survey, an alleged sum of approximately $24,000. The survey ultimately revealed that only approximately 200 feet of the fiberoptic cable line was within the boundaries of the NASA easement.

The plaintiffs now move for recovery of the cost of the survey pursuant to Federal Rule of Civil Procedure 37(c)(2) for BellSouth's failure to admit this fact regarding the location of the cables. The plaintiffs also request attorneys' fees related to this matter.

Rule 37(c)(2) states in pertinent part as follows:

> ***Failure to Admit.*** If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable

---

[1] BellSouth Telecommunications, Inc., now doing business as AT&T Mississippi.

> expenses, including attorney's fees, incurred in making that proof. The court
> must so order unless . . . (B) the admission sought was of no substantial
> importance; (C) the party failing to admit had a reasonable ground to believe that
> it might prevail on the matter . . . .

BellSouth argues that it had no reason to survey the NASA easement because the precise location of the fiberoptic cable in relation to that easement is irrelevant given BellSouth's numerous grounds on which it believed it would prevail at trial. BellSouth did ultimately prevail at trial and proved to be correct in its assertion of the irrelevance of this specific issue, as the court found in BellSouth's favor on a number of grounds set forth in BellSouth's declaratory countersuit, any one of which was dispositive of the plaintiffs' suit. Among the court's findings was the court's determination that the plaintiffs had actual or constructive knowledge of the location of the cable as it was being installed and acquiesced in the installation. Based on this fact, the court explicitly found the location of the cable immaterial.

For the foregoing reasons, the court finds that both subsections (B) and (C) of Rule 37(c)(2) serve to exempt BellSouth from responsibility for the costs associated with the survey. It is, therefore, **ORDERED AND ADJUDGED** that the plaintiffs' motion for payment of costs and expenses related to survey is **DENIED**.

This, the 21st day of September, 2011.

  */s/ Neal Biggers*
  **NEAL B. BIGGERS, JR.**
  **UNITED STATES DISTRICT JUDGE**